UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CASSANDRA M. GRIMALDI

Plaintiff

CA 05 189S

v.

C.A. NO. ____________

AMERICAN WIRELESS, INC. d/b/a
WIZARD WIRELESS &
VICTOR W. ANGER,

Defendants

**VERIFIED COMPLAINT**

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by CASSANDRA M. GRIMMALDI (hereinafter "Plaintiff" or "GRIMALDI") against AMERICAN WIRELESS, INC. d/b/a WIZARD WIRELESS and VICTOR W. ANGER, (hereinafter "Defendants" or "Employers") in order to remedy and seek relief for sexual harassment and discrimination based on gender in regard to terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws 28-5-1 et seq. ("RIFEPA"), and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws 42-112-1 et seq. ("RICRA"), including certain common law claims.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 2201, and 2202; 42 U.S.C.S. §§2000e-1 et seq.; R.I.G.L. 42-112-2; R.I.G.L. 28-5-24.1.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's federal law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Pursuant to 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), venue is proper in this district because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business: American Wireless, Inc. d/b/a Wizard Wireless; 1800 Mendon Rd, Cumberland, RI 02864;

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendants, at their

Cumberland, Rhode Island facility, but for the Defendants' unlawful practices.

4. On or about August 12, 2004, Grimaldi filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been subjected to acts of sexual harassment and retaliation, and had been discriminated against on the basis of her gender—RICHR #05ESE 018-02/15; EEOC #16JA400275. (Attachment A)

5. The RIHRC and the EEOC subsequently issued Notice of Right To Sue. (Attachment B&C)

6. Plaintiff has filed this action within ninety (90) days of her receipt of federal and state Right To Sue notifications, and has fulfilled all conditions precedent to the institution of this action under federal and/or state law.

THE PARTIES

7. The Plaintiff, Cassandra M. Grimaldi ("Grimaldi" or "Plaintiff"), an individual, is a resident of the town of Cranston, Rhode Island.

8. Plaintiff Grimaldi is a "person" within the meaning of R.I.G.L. §§28-5-6 (1) and R.I.G.L. 42-112-1, et seq.; is an employee within the meaning of 42 U.S.C.S.

2000e(f) and R.I.G.L. 28-5-6 (C); and is an "individual" within the meaning of 42 U.S.C. 2000e2(a).

9. On information and belief, the Defendant, American Wireless, Inc. d/b/a Wizard Wireless is a domestic corporation with an office and principal place of business in Cumberland, Rhode Island. On Information and belief, Defendant Victor W. Anger is the President of American Wireless, Inc., d/b/a Wizard Wireless. In addition to Defendant Anger's statutory liability in his individual capacity, the Defendants are sufficiently joined and intertwined in terms of ownership, corporate direction, financial matters, workplace policies and practices, and other indicia of common ownership and control to be determined to be a single employer or, in the alternative, joint employers for the purposes of all claims at issue in this action, to be held jointly and severally.

10. Defendants own, operate, and maintain a facility and principal place of business at 1800 Mendon Rd., Cumberland, RI 02864.

11. At all times material to the allegations of this Complaint, the Defendants have continuously, and do now, employ at least 15 or more employees in the State of Rhode Island.

12. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of pertinent federal statutes.

13. At all times material to the allegations of this Complaint, Defendants were and are "employers" within the meaning of that term as applicable in pertinent federal and state statutes, and as that term is applicable to pertinent provisions of Title VII.

14. Grimaldi is an "individual" within the meaning of pertinent provisions defining that term under pertinent federal and state statutes and as that term in applicable to pertinent provisions of Title VII.

15. At all times material to this action, the Defendants were an employer covered under the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment Practices Act). At all times material to this action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq. and R.I.G.L. § 28-5-1 et seq.

FACTS APPLICABLE TO EACH COUNT

16. Grimaldi is a female.

17. Grimaldi worked for the Defendants for approximately fourteen months in the position of a sales representative. Her last day of work was May 29, 2004.

18. At all times, Grimaldi maintained a positive performance record, meeting the employers' legitimate expectations.

19. Throughout the tenure of her employment, Grimaldi was compelled to work in a hostile environment, characterized by conduct of an egregious, pervasive, frequent, sexually-oriented nature.

20. Such conduct has included repeated inappropriate comments and actions perpetrated by certain managerial personnel.

21. Such misconduct included but was not limited to, certain managerial personnel commenting that Plaintiff:

a. "was hot and sexy";

b. "wore stripper shoes";

c. "had a foxy lady body" and

d. making various comments about Plaintiff's breasts.

22. The above-referenced misconduct was pervasive in nature, occurring on a continual basis in the workplace, and interfered with Plaintiff's ability to perform her job.

23. Plaintiff objected to this misconduct and did not welcome or condone this behavior.

24. Plaintiff did not participate in the conduct referenced in paragraph 21, above, did not invite it, and was deeply offended by it.

25. Plaintiff complained to the Employer about this misconduct, but no corrective action was taken. Rather, Plaintiff suffered retaliation for complaining about what she reasonably perceived to be the unlawful workplace conditions.

26. Plaintiff was forced to resign and consider herself constructively discharged due to the fact that the Employer was unwilling to provide her with a safe, secure and lawful work environment.

27. To date, Plaintiff believes that no remedial action whatsoever has been taken by the employer to remedy the work environment she complained of, and that no corrective action has been instituted against the alleged perpetrator.

28. Plaintiff received full unemployment benefits from the Rhode Island Department of Labor and Training which held that she left her job with good cause, because she was "placed in a situation that left [her] no reasonable alternative, but to resign."

29. The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law

intended to prevent employment discrimination based on gender and have retaliated against the Plaintiff.

30. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her gender.

31. The wrongful actions by Defendants that Grimaldi complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

## COUNT I
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## HOSTILE ENVIRONMENT
## CONSTRUCTIVE DISCHARGE
## AND RETALIATION BASED ON GENDER
## RHODE ISLAND CIVIL RIGHTS ACT OF 1990
## R.I.G.L. 42-112-1 ET SEQ.

32. Paragraphs 1-31, above, are herein incorporated by reference in their entirety.

33. By its conduct, Defendants have discriminated against Plaintiff on the basis of her sex, in the terms and conditions of her employment, in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with her right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile manner, and forcing her to work in a hostile, demeaning, and sexually-threatening environment based on her gender; and

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her reputation and professional mobility.

34. As the direct, foreseeable, and intended result of Defendants' unlawful discrimination, Grimaldi has suffered lost wages, benefits, irreparable harm to her good and valuable personal and professional reputation, as well as other damages, now and in the future, including severe and extreme emotional distress, with resulting physical and emotional manifestations.

35. The unlawful practices engaged in by the Defendants were motivated by

impermissible and unlawful considerations concerning Grimaldi's gender. Such practices include, but are not limited to, Defendants':

a.) subjecting Grimaldi to discriminatory terms and conditions of employment because of her gender, and creating and tolerating a hostile work environment;

b.) retaliating against Grimaldi for asserting her rights to be free from discrimination based on gender;

c.) constructively discharging Grimaldi.

36. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, created and tolerated a hostile work environment, retaliated against her, or constructively discharged her.

37. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender. The Defendants' conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT II
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
CONSTRUCTIVE DISCHARGE
AND RETALIATION BASED ON GENDER

RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I.G.L. § 28-5-1 et seq.

38. Paragraphs 1-31 above are herein incorporated by reference in their entirety.

39. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of the RIFEPA.

40. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

41. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Grimaldi's gender. Such practices include, but are not limited to, Defendants':

a.) subject Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender; and

d.) constructively terminating Plaintiff.

42. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile environment, or retaliated against her by terminating her for attempting to assert her right to be free from workplace conduct made unlawful by the RIFEPA.

43. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the

employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT III
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
CONSTRICTIVE DISCHARGE
AND RETALIATION BASED ON GENDER

TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. §2000, ET SEQ.

44. Paragraphs 1-31 above are herein incorporated by reference in their entirety.

45. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

46. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

e.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

f.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

g.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

h.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

47. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Grimaldi's gender. Such practices include, but are not limited to, Defendants':

e.) subject Plaintiff to discriminatory terms and conditions of employment;

f.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

g.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender; and

h.) constructively terminating Plaintiff.

48. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile environment, or

retaliated against her by terminating her for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

49. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT IV
RHODE ISLAND WHISTLEBLOWER'S ACT
R.I.G.L. §28-50-1

50. Paragraphs 1-31 are incorporated herein by reference in their entirety.

51. Defendants retaliated against Plaintiff, by subjecting her to discriminatory terms and conditions of employment and terminating her because she sought to assert her right to be free from workplace discrimination and conduct which she reasonably believed to be made unlawful by state and federal law; and because she asserted her right to bring these matters to the attention of appropriate public authority and/or indicated an intention to do so.

52. Defendants' conduct is in violation of the Rhode Island Whistleblowers Act, R.I.G.L. §28-50-1 et seq.

53. As a result of the Defendants' discriminatory and retaliatory conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her career, harm to her reputation, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered for Plaintiff and against Defendants, jointly and severally, and that she be awarded all damages and equitable relief requested, as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits,

and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

VERIFICATION

I verify that I have read the factual allegations contained above, that I have personal knowledge of the facts, and that the facts stated in this Complaint are true to the best of my knowledge and recollection. The foregoing statements are signed under the pains and penalties of perjury on this 26 day of April 2005.

Cassandra M. Grimaldi

NOTARY

On this the 26th day of April, 2005, the above appeared before me, and personally known to me, and being first sworn, deposed that the foregoing statements are true.

NOTARY PUBLIC

My commission expires:

BRIE FANNING
Notary Public of Rhode Island
My Commission Expires 8/13/2007

Respectfully Submitted,
Cassandra M. Grimaldi
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

AGENCY: ☐ FEPA ☐ EEOC

CHARGE NUMBER: 05ESE 018-02/15 16JA400275

Rhode Island Commission for Human Rights and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| CASSANDRA M. GRIMALDI | 401- 265-9338 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 21 BURNSIDE STREET | CRANSTON, RI 02910 | 10/15/82 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| AMERICAN WIRELESS, INC. | 15 | 401-333-5795 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1800 MENDON ROAD | CUMBERLAND, RI 02864 | Providence |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Victor W. Anger | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 145 POUND HILL ROAD | NORTH SMITHFIELD, RI 02896 | Providence |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 12/1/03 LATEST:
☒ CONTINUING ACTION

AUG 12 2004
R.I.C.H.R.

COPY

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I am a female. I worked for the above-referenced employer for approximately fourteen months in the position of a sales representative. My last day of work was May 29, 2004. At all times I performed my job duties in a satisfactory manner, meeting or exceeding the employer's legitimate expectations. Throughout my tenure of employment, I was subjected to a sexually hostile work environment. Such misconduct included but was not limited to, certain managerial personnel commenting that I, "was hot and sexy,…wore stripper shoes,…had a foxy lady body," and making various comments about my breasts. This misconduct was pervasive in nature, occurring on almost a daily basis. I complained to the employer about this misconduct. However, no remedial action was taken and the conduct continued. Since my employer was unwilling to provide me with a safe, secure, and lawful work environment, and to take appropriate corrective action, I was forced to resign and consider myself to have been constructively discharged. The RI Department of Labor and Training has awarded me full unemployment benefits finding that I left my job with good cause, because I was "placed in a situation that left [me] no reasonable alternative, but to resign." The employer's conduct, in tolerating and perpetuating a sexually hostile work environment is in violation of Title VII of the Civil Rights Act of 1964, the RIFEPA, and other state and federal laws.

AUG 12 2004
R.I.C.H.R.

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)
Brie Fanning
BRIE FANNING
Notary Public of Rhode Island
My Commission Expires 8/13/2007

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

CM Grimaldi 8/3/04
Date Charging Party (Signature)

SIGNATURE OF COMPLAINANT
CM Grimaldi

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
8/3/04 Brie Fanning

EEOC FORM 5 (Rev. 06/92)

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR #05 ESE 018 EEOC # 16JA400275

In the matter of

Cassandra M. Grimaldi
Complainant

Against

**NOTICE OF RIGHT TO SUE**

AMERICAN WIRELESS, INC. and
Victor W. Anger
Respondent

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

2/7/05
Date

Michael D. Évora
Executive Director

**************************************************************************

NOTICE OF RIGHT TO SUE'
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a RIGHT TO SUE in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the RIGHT TO SUE within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Stephen T. Fanning, Esq.
Thomas J. Fay, Esq.
Victor W. Anger, President

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Cassandra M. Grimaldi**
**21 Burnside Street**
**Cranston, RI 02910**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2004-00275** | **Rance A. O'Quinn, Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

FEB 10 2005
*(Date Mailed)*

Enclosure(s)

**Robert L. Sanders,**
**Area Office Director**

cc: **Victor W. Anger**
**AMERICAN WIRELESS**
**1800 Mendon Road**
**Cumberland, RI 02864**